IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

TIAJUANA FINLEY WILLIAMS
o/b/o R.L.F.,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

Nos. 19-cv-02048-SHL-dkv
     19-cv-02072-SHL-dkv

---

ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND REPORT
AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
_____

On December 7, 2018, the plaintiff, Tiajuana Finley Williams ("Williams") on behalf of her minor child, filed a *pro se* complaint in the General Sessions Court of Shelby County, Tennessee ("General Sessions") seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her claim for supplemental security income ("SSI") for her minor child pursuant to Title XVI of the Social Security Act.  (Notice Ex. 1 at 2, ECF No. 1-2.)  On January 18, 2019, the government removed the case to the District Court for the Western District of Tennessee, docketed as *Williams v. Commissioner*, No. 2:19-cv-02048 (W.D. Tenn. Jan. 18, 2019)(hereinafter, *Williams I*).  (Notice of Removal, *Williams I*, ECF No. 1.)  On January 25, 2019, Williams filed another *pro se*

complaint, *Williams v. Commissioner*, No. 2:19-cv-02072 (W.D. Tenn. Jan. 25, 2019)(hereinafter "*Williams II*"), also seeking judicial review of her denied application for SSI on behalf of her minor child in the United States District Court for the Western District of Tennessee. (Compl. 1, *Williams II*, ECF No. 1.) On March 15, 2019, the Commissioner filed motions to dismiss both *Williams I* and *Williams II* for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Mot. to Dismiss 1, *Williams I*, ECF No. 7 & Def.'s Mot. to Dismiss 1, *Williams II*, ECF No. 6.) On March 27, 2019, *Williams I* was referred to the United States Magistrate Judge "for management of all pretrial matters" for determination and/or report and recommendation as appropriate. (Order of Reference, *Williams I*, ECF No. 8.) In addition, *Williams II was* referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (*Williams II*, ECF No. 2.) The information set forth in the affidavit in support of the motion for leave to proceed *in forma pauperis* satisfies Williams's burden of demonstrating that she is unable to pay the civil

filing fee. Accordingly, the motion to proceed *in forma pauperis* in *Williams II* is granted.

For the reasons that follow, it is recommended that the Commissioner's motions to dismiss be granted and that both *Williams I* and *Williams II* be dismissed with prejudice.

I. PROPOSED FINDINGS OF FACT

On March 29, 2018, an Administrative Law Judge ("ALJ") denied Williams's application for SSI on behalf of her minor child. (Sampson Decl. Ex. 1, *Williams I*, ECF No. 7-1.) On May 25, 2018, Williams submitted a request for review by the Social Security Appeals Council ("Appeals Council"); however, the Appeals Council denied this request on October 3, 2018. (*Id.* at Ex. 2.) Accordingly, the ALJ's May 25, 2018 decision became the Commissioner's final decision. (*Id.*) In its Notice of Appeals Council Action ("Notice"), the Appeals Council informed Williams that any appeal must be filed in a United States District Court within sixty (60) days of the date of the Notice. (*Id.*) In the Notice, the Appeals Council described the presumption that the intended recipient receives the Notice five (5) days after the date listed on the Notice, unless it is shown that the recipient did not, in fact, receive it within that five-day period. (*Id.*) Accordingly, a claimant has sixty-five (65) days from the date on the Notice to seek review in a United States District Court. Williams initially filed suit in General Sessions on December 7,

3

2018, and the Commissioner removed it to the District Court for the Western District of Tennessee on January 18, 2019. (Notice 1, *Williams I*, ECF No. 7-1.) Thereafter, Williams filed a second, separate suit in the District Court for the Western District of Tennessee on January 25, 2019. (Compl. 1, *Williams II*, ECF No. 1.)

On March 15, 2019 the Commissioner filed a motion to dismiss both *Williams I* and *Williams II*. (Mot. to Dismiss, *Williams I*, ECF No. 7 & Mot. to Dismiss, *Williams II*, ECF No. 6.) The Commissioner argues: (1) *Williams I* should be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1); and (2) *Williams II* was untimely filed and should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Mot. to Dismiss 1, *Williams I*, ECF No. 7 & Mot. to Dismiss 1, *Williams II*, ECF No. 6.) Williams has not filed a response to either of the Commissioner's motions to dismiss, and the time to do so has passed.

## II. PROPOSED CONCLUSIONS OF LAW

A.  Derivative Jurisdiction Doctrine in *Williams I*

The United States, as sovereign, sets the "terms of its consent to be sued in any court" and these terms "define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976)(citing to *United States v. Sherwood*, 312 U.S. 584, 587-88 (1941)). Specifically, with

4

regard to judicial review of final decisions by the Commissioner, appeals may only be brought

> in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g). The power of judicial review lies exclusively with federal district courts and "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

In cases of removal, the federal court lacks subject matter jurisdiction over Social Security appeals due to the derivative jurisdiction doctrine. "It used to be that 'a well established, albeit not uncriticized, principle of removal jurisdiction' held 'that the federal court's exercise of jurisdiction upon removal is derivative – if the state court from whence the action is removed had no jurisdiction then the federal court 'receives' none even if original jurisdiction in the federal court would have been proper.'" *Fed. Home Mortg. Corp. v. Gilbert*, No. 2:14-cv-02509-SHL-cgc, 2015 WL 10818658 (W.D. Tenn. Jun. 10, 2015)(citing to *Fed. Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 192 (6th Cir. 1989)). In 2002, however, derivative jurisdiction was statutorily abrogated for cases removed under the general

5

removal statute, 28 U.S.C § 1441(f).[1] The Sixth Circuit Court of Appeals has not dealt with the effect of the updated language of 28 U.S.C § 1441(f) on 28 U.S.C § 1442 removals. However, most district courts in the Sixth Circuit agree that this language indicates derivative jurisdiction principles still apply to cases removed under 28 U.S.C § 1442.[2] This court agrees as well.

Here, Williams filed *Williams I* in General Sessions, a Tennessee state court which lacked subject matter jurisdiction under 42 U.S.C. § 405 to conduct judicial review of the Commissioner's final determination. The Commissioner removed the case to the District Court for the Western District of Tennessee, pursuant to 28 U.S.C. § 1442. Because the General

---

[1] The new 28 U.S.C § 1441(f) language states: "The court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." (emphasis added).

[2] *See Pickett v. Office of Disability Adjudication & Review*, No. 3:08-cv-2553, 2009 WL 1661954 at *4-5 (N.D. Ohio Jun. 15, 2009)("[T]he Court finds that the derivative jurisdiction doctrine still applies to cases removed under § 1442."); *see also Graber v. Astrue*, 2009 WL 728564 at *4 (S.D. Ohio Mar. 17, 2009)(rejected magistrate judge recommendation to recharacterize § 1442 removal as § 1441 removal to prevent dismissal of *pro se* plaintiff because "[t]he derivative jurisdiction doctrine, still applicable to cases removed under § 1442 until Congress indicates otherwise, cannot be avoided in this manner."); *see also Johnson v. Louisville Int'l Airport*, No. 3:11-CV-216-H, 2011 WL 2710364 at *1-2 (W.D. Ky. Jul. 12, 2011)(" The Court cannot find, however, that Congress has written out the doctrine. Even though the application of the removal and derivative jurisdiction doctrine may seem slightly unfair, their application here seems appropriate.").

6

Sessions court lacked subject matter jurisdiction, so too does the district court after a removal pursuant to 28 U.S.C. § 1442. Therefore, the court lacks subject matter jurisdiction and cannot proceed to adjudicate the underlying claims in *Williams I*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). Accordingly, it is recommended that the court dismiss *Williams I* for lack of subject matter jurisdiction.

B.   Timeliness of *Williams II*

The United States' sovereign immunity and consent jurisdiction also apply to the timeliness requirements in Social Security appeals. *See Testan*, 424 U.S. at 399 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Pursuant to 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g)(emphasis added). This method of review is exclusive: "No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C § 405(h). The sixty-day limit is a condition on the waiver of sovereign immunity by the United States and must be strictly construed. *See Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986). Moreover, this sixty-day

7

filing period begins after the completion of a five-day grace period following the date of decision, to allow for delivery of the Notice.[3] The sixty-day limitations period applies whether or not the complaint is filed on behalf of one's minor child.[4] *See e.g.*, *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480 (W.D.N.Y. 2015)(holding that grandmother has standing to bring SSI claim on behalf of minor grandchild, but dismissing the claim because it was filed after the 60-day limitations period).

Here, the Notice was dated October 3, 2018. (Sampson Decl. ¶ 3, *Williams II*, ECF No. 6-1.)  Therefore, Williams is presumed to have received the Notice five days after this date, unless she can reasonably show that she did not, in fact, receive the Notice within five days. (*Id.*); *see also* 20 C.F.R. §§ 404.901, 422.210(c).  The deadline for Williams to file a complaint in federal district court was December 7, 2018, sixty-five days after the date of the Notice.  *Williams II* was filed on January 25, 2019 – thirty-eight days after the running of the

---

[3] "[T]he date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of the such notice, unless there is reasonable showing to the contrary."  20 C.F.R. § 422.210(c).

[4] The general Sixth Circuit prohibition on non-attorney parents appearing *pro se* on behalf of their children is relaxed for Social Security appeals brought by the minor child's parents. *See Works ex rel. A.R.W. v. Comm'r of Soc. Sec.*, 776 F. Supp. 2d 690, 696-97 (S.D. Ohio, 2012)(mother has standing to appeal SSI decision on behalf of minor child).

8

limitations period. (Compl., *Williams II*, ECF No. 1.) Williams does not allege that she requested an extension of time from the Appeals Council to file a complaint. (Sampson Decl. ¶ 3, *Williams II*, ECF No. 6-1.) Williams's complaint is, therefore, untimely. Accordingly, Williams can only avoid dismissal of *Williams II* by establishing circumstances warranting equitable tolling.

The sixty-day deadline for filing a claim for judicial review is "not jurisdictional, but rather constitutes a period of limitations." *Bowen,* 476 U.S. at 478. Accordingly, the Supreme Court has held that the sixty-day limitations period is subject to traditional equitable tolling. *Id.* at 480. However, "[f]ederal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003). The threshold for equitable tolling is incredibly high, and "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2001); *see also Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989)("Equitable tolling or waiver . . . is available only in compelling cases which justify a departure from established procedures.")

The Sixth Circuit considers the following factors in determining whether equitable tolling should be allowed:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007)(citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). These factors "are not comprehensive nor is each of the five factors relevant in all cases." *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005)(quoting *Cook v. Stegall*, 295 F.3d 517, 521(6th Cir. 2002)). "The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Id.* at 635. In addition, in 2017, the Sixth Circuit borrowed the *Holland v. Florida* equitable tolling test used in habeas corpus cases to determine whether equitable tolling applied where a plaintiff missed the sixty-day filing period for judicial review of denial of Social Security Benefits. *McElfresh v. Comm'r of Soc. Sec.*, No. 17-3012, 2017 WL 6820168, at *2 (6th Cir. Sept. 15, 2017) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). This two-part test asks: (1) "whether the litigant has 'been pursuing his rights diligently,' and (2) whether 'some extraordinary circumstance' prevented him from filing on time." *Id.* Under either test, the

10

party seeking equitable tolling bears the burden of establishing the extraordinary circumstances which warrant the application of equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653(6th Cir. 2002); *see also Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49(6th Cir. 2008).

Williams has not met the burden of establishing the need for equitable tolling under either test. Williams has not advanced any argument that equitable tolling should apply nor has she asserted that her "failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [her] control." *Graham-Humphreys*, 209 F.3d at 560-561. Applying these factors, no circumstances justify equitable tolling of the limitations period in this case. Williams has not set forth any factual allegations that show she diligently tried to pursue judicial review. Williams is presumed to have received the Notice containing clear filing timing and location instructions within five days of the decision date. 20 C.F.R. § 422.210(c). Further, Williams does not assert delayed receipt or non-receipt of the Notice, (Sampson Decl. ¶ 3, *Williams I*, ECF No. 7-1 & Sampson Decl. ¶ 3, *Williams II*, ECF No. 6-1), nor has she attempted to assert any explanation for her untimely filing in district court. Consequently, equitable tolling is inapplicable to the untimely filed *Williams II* complaint and it is therefore

recommended that *Williams II* be dismissed for failure to state a claim upon which relief may be granted.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Commissioner's motions to dismiss be granted; that *Williams I* be dismissed with prejudice for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1); and that *Williams II* be dismissed with prejudice for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted this 14th day of June, 2019.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.